FILED
United States Court of Appeals
Tenth Circuit

September 1, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAUL CORTES-PONCE,

    Defendant - Appellant.

No. 15-3123
(D.C. No. 5:13-CR-40078-DDC-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **GORSUCH** and **HOLMES**, Circuit Judges.

Pursuant to a plea agreement with a broad appeal waiver, Raul Cortes-Ponce

pleaded guilty to one count of conspiracy to distribute 500 grams or more of

methamphetamine.  The district court sentenced him to 192 months' imprisonment,

which was well below the advisory guideline range of 292 to 365 months.  Despite

his appeal waiver, Mr. Cortes-Ponce filed a pro se notice of appeal.  The government

---

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Mr. Cortes-Ponce's counsel filed a motion to withdraw, stating that there is no basis to appeal.[1] *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel also filed a response to the motion to enforce indicating that he did not oppose the motion and that the motion accurately sets forth the appeal waiver and the plea colloquy. Given these circumstances, we gave Mr. Cortes-Ponce an opportunity to file a pro se response to the motion, *see id*. He did not file a response.

In *Hahn*, 359 F.3d at 1325, we held that we would enforce appeal waivers as long as three conditions were met: (1) the matter on appeal "falls within the scope of the waiver"; (2) the defendant-appellant "knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver will not "result in a miscarriage of justice." We have conducted an independent examination of the record, *see Anders*, 386 U.S. at 744, and we agree with the government that Mr. Cortes-Ponce's appeal falls within the scope of the waiver, the waiver was knowing and voluntary, and enforcing the waiver will not result in a miscarriage of justice. Accordingly, we grant the motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court
Per Curiam

---

[1] This motion was denied without prejudice to renewal if filed in full compliance with 10th Cir. R. 46.4(A). Counsel did not file a renewed motion to withdraw. In light of our disposition, however, we *sua sponte* allow counsel's withdrawal and relieve him of any further representational duties on behalf of Mr. Cortes-Ponce.